IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DE LA PAZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | C.A. NO. C-05-225 |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

In this § 2254 habeas corpus action, petitioner challenges his 2001 state conviction for murder and engaging in organized criminal activity on the grounds that he received ineffective assistance of counsel at both the trial and appellate levels, and that he was denied due process of the law, and therefore, his conviction is void. (D.E. 1, at 7). Respondent argues that petitioner's writ should be denied because some of his claims are unexhausted and procedurally barred, and all of his claims lack merit. (D.E. 13, at 11-12, 16-17).

For the reasons stated herein, it is respectfully recommended that respondent's motion for summary judgment be granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.  BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment and sentence of the 347th Judicial District Court of Nueces County, Texas, in cause number 00-CR-1606-H, styled The State of Texas v. Robert De La Paz . Ex parte De La Paz, App. No. 60,325-01, at 25.  On August 22, 2001, a jury found petitioner guilty of murder and engaging in organized criminal activity.  Id. at 26.  He elected to have the trial court assess his punishment.  Id.  At his sentencing, petitioner pleaded true to a felony conviction enhancement.  Id.  The  trial court found the enhancement to be true, and sentenced him to a term of forty years imprisonment for each offense.  Id. at 27.  Petitioner appealed his conviction and sentence, which were affirmed by the Thirteenth District Court of Appeals for Texas in an unpublished decision.  De La Paz v. State, No. 13-01-655-CR (Tex. App. Aug. 1, 2003).  Petitioner was granted an extension of time to file his petition for discretionary review ("PDR") by the Texas Court of Criminal Appeals; however, he did not file a PDR.  (D.E. 13, at 1-2);[1] (D.E. 1, at 3).

On August 4, 2004, petitioner did file a state application for a writ of habeas

---

[1] Respondent states that, while not part of the state court records, petitioner was informed by the Texas Court of Criminal Appeals Clerk's Office that he was granted an extension of time to file his PDR.  (D.E. 13, at 1-2).  Petitioner had until November 3, 2003 to file his PDR.  Id. Among the records submitted to this Court is an official notice from the Texas Court of Criminal Appeals, which states petitioner's pro se motion for an extension of time was granted, and that he had until November 3, 2003 to file his PDR.

corpus challenging his conviction.  Ex parte De La Paz, App. No. 60,325-01, at 2.

In his state habeas application, he claimed that he received ineffective assistance of

trial counsel because his counsel erroneously objected to hearsay, failed to exclude

tainted evidence, and failed to request an instructed verdict.  Id. at 11-12.  The State

argued that petitioner had waived his constitutional right to relief based on

ineffective assistance of counsel, because he had an adequate remedy at law, a

direct appeal, which he did not use to raise this issue.  Id. at 20-22.  It further

argued that petitioner's ineffective assistance claim based on his counsel's failure to

request a instructed verdict could not be addressed in a habeas proceeding, because

it was effectively a challenge to the sufficiency of the evidence supporting

petitioner's conviction.  Id. at 22.  Finally, the State asserted that petitioner had

failed to show how his counsel's alleged errors had prejudiced the outcome of his

case, and therefore, failed to establish ineffective assistance of counsel.  Id. at 23.

On September 2, 2004, the trial court found that there were no "controverted,

previously unresolved facts material to the legality of Applicant's conviction," and

that the "assertions contained in the State's answer are correct, and that the

application should be denied."  Id. at 50.  The Texas Court of Criminal Appeals

denied petitioner's state habeas application without written order on March 16,

2005.  Id. at cover, 2.

On April 25, 2005, petitioner filed his federal petition for a writ of habeas corpus. (D.E. 1, at 9). Respondent filed an answer that moved the Court to deny all of petitioner's claims. (D.E. 13). Because respondent's answer included its dispositive motion, on November 4, 2005, the undersigned magistrate judge issued an order that granted petitioner an additional twenty days to respond to respondent's motion. (D.E. 16). On November 30, 2005, petitioner filed a response to respondent's motion for summary judgment. (D.E. 17).

## III.  PETITIONER'S ALLEGATIONS

Petitioner argues that he received ineffective assistance of trial counsel because his counsel erroneously objected to hearsay as a dying declaration, failed to object to the admission of a .25 caliber bullet into evidence, and failed to request an instructed verdict. (D.E. 3, at 1-2). Second, he asserts that he received ineffective assistance of appellate counsel because his counsel did not raise on appeal the issue of misjoinder of the two charged offenses. Id. at 5. Finally, petitioner claims that he was denied due process, and therefore, his conviction is void. Id. at 7.

## IV.  EXHAUSTION OF STATE COURT REMEDIES

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas

petitions filed after its effective date of April 24, 1996).  Respondent argues that

petitioner has not exhausted his ineffective assistance of appellate counsel and

denial of due process claims as required by AEDPA.  (D.E. 13, at 18-21).

Respondent concedes that petitioner did raise and exhaust, at the state level, his

claim of ineffective assistance of trial counsel.  Id. at 8.

A federal writ of habeas corpus from an individual in state custody shall not

be granted unless the individual has exhausted his remedies at law in the state

courts, or there is an absence of state court remedies or circumstances that render

state remedies insufficient to protect the individual's rights.  28 U.S.C.

§ 2254(b)(1).  Respondent correctly notes that the exhaustion requirement dictates

that state courts be given the initial opportunity to consider federal law challenges to

state custody before the federal courts can entertain such assertions.  (D.E. 13, at

18) (quoting Duncan v. Walker, 533 U.S. 167, 178-79 (2001) (citations omitted)).

The substance of a habeas petitioner's claim must have been "fairly presented" to

state courts before being presented to the federal courts.  Nobles v. Johnson, 127

F.3d 409, 420 (5th Cir. 1997) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)).

Respondent argues that petitioner did not raise his ineffective assistance of

appellate counsel and denial of due process claim in his state habeas application, or

in any proceeding before the Texas Court of Criminal Appeals.  (D.E. 13, at 18, 20).

5

In his state habeas action, petitioner raised only one claim: ineffective assistance of trial counsel based on his counsel's erroneous objection to hearsay, failure to exclude a bullet from evidence, and failure to request an instructed verdict.  Ex parte De La Paz, App. No. 60,325-01, at 11-12.

Where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claims are procedurally defaulted.  Nobles, 127 F.3d at 420 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  Federal habeas relief may only be granted on procedurally defaulted claims if the petitioner can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted); see also Nobles, 127 F.3d at 423 n.33.  The Fifth Circuit has held that a claim is procedurally barred from federal habeas review if the petitioner would be precluded from exhausting the same claim in state court pursuant to the Texas abuse of the writ doctrine.  Horsley v. Johnson, 197 F.3d 134, 136-37 (5th Cir. 1999).

Both petitioner's ineffective assistance of appellate counsel and denial of due process claims would be found to be procedurally barred in Texas state courts pursuant to Section 4 of Article 11.07 of the Texas Code Criminal Procedure.  Id. at

137.  It is respectfully recommended that the Court find petitioner's ineffective assistance of appellate counsel and denial of due process claims are unexhausted and procedurally defaulted, and therefore, dismiss these claims with prejudice.

Finally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  Based on the foregoing analysis, it is respectfully recommended that all of petitioner's claims be denied as meritless.

## V.  STANDARD OF REVIEW

**A.**     **Federal Habeas Corpus Standard of Review**.

A federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States.  Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994).  The standard of review governing petitioner's writ of habeas corpus is provided by AEDPA. Pursuant to AEDPA, a state prisoner may not obtain relief unless the state adjudication of the claim:

>  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); <u>see</u> <u>also</u> <u>Riddle v. Cockrell</u>, 288 F.3d 713, 716 (5th Cir. 2002).

The provisions of the AEDPA "ensure that state-court convictions are given effect

to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002) (citing

<u>Williams v. Taylor</u>, 529 U.S. 362, 403-04 (2000)).

 The Supreme Court has held that federal courts may not grant a writ of

habeas corpus merely on the finding of an error by a state court, but rather only

where a "state court arrives at a conclusion opposite to that reached by [the

Supreme Court] on a question of law or if the state court decides a case differently

than [the Supreme] Court on a set of materially indistinguishable facts." <u>Hill v.</u>

<u>Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000) (citing <u>Williams</u>, 529 U.S. at 413).

 Absent a direct conflict with Supreme Court authority, habeas relief is only

available if a state court decision is unreasonable. <u>Montoya v. Johnson</u>, 226 F.3d

399, 404 (5th Cir. 2000). However, an unreasonable application of federal law is

not the equivalent of an incorrect application of federal law. <u>Williams</u>, 529 U.S. at

412. A federal writ may not issue simply because the state court incorrectly applied

federal law, rather the application must also be unreasonable. <u>Id.</u> at 411. An

unreasonable application occurs "if the state court identifies the correct governing

legal principles from [the Supreme] Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case." <u>Id.</u> at 413.

 A federal district court "must reverse when [it] conclude[s] that the state

8

court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001). The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (per curiam).

Finally, a state court's determination of a factual issue is afforded a presumption of correctness. Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998). The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Jackson, 150 F.3d at 524. Where a petitioner has failed to develop the factual record in state court, a federal court should not hold an evidentiary hearing unless the petitioner shows that:

> (A) the claim relies on-
>
>> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphasis added); see also Murphy v. Johnson, 205 F.3d

809, 815 (5th Cir. 2000).  Thus, a prisoner must be diligent in developing the record

before a state court, and where a prisoner fails to develop the record, resulting in

the inability of a full and fair adjudication of his claims in state court, he is

prohibited from obtaining an evidentiary hearing at the federal level to develop the

record.  Williams v. Taylor, 529 U.S. 420, 437 (2000).[2]

## B.    Motion for Summary Judgment Standard.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary

judgment is appropriate when there is no disputed issue of material facts, and one

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court must

consider the record as a whole by reviewing all pleadings, depositions, affidavits,

and admissions on file, and by drawing all reasonable inferences in favor of the

party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th

Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings,

---

[2] The Supreme Court decided two cases on the same day, April 18, 2000, styled Williams v. Taylor.  However, the interested parties in the two cases are not identical.  The interested parties in the case cited here were Michael Wayne Williams, petitioner, and Warden John Taylor, respondent.  Williams, 529 U.S. at 420.  The parties in the other Williams case, previously cited, were Terry Williams, petitioner, and Warden John Taylor, respondent.  Williams, 529 U.S. at 362.

depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in his response to the motion for summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

## VI.  DISCUSSION

### A.      Application of AEDPA's Deference.

Addressing petitioner's claim of ineffective assistance of trial counsel in his state habeas application, the trial court entered its findings, conclusion, and recommendation that his claims be denied.  Ex parte De La Paz, App. No. 60,325-01, at 50-51.  In those findings, it determined that "there are no controverted, previously unresolved facts material to the legality of Applicant's confinement.  The Court also finds that the assertions contained in the State's answer are correct, and that the application should be denied."  Id. at 50.

The Texas Court of Criminal Appeals denied petitioner's state habeas application.  Id. at cover 2.  He argues that because his application was denied without written order that there is "no way of knowing whether or not that Court followed the U.S. Supreme Court's two-prong standard for his ineffective assistance of counsel claim."  (D.E. 17, at 1).  However, the denial by the Texas Court of Criminal Appeals is considered a decision on the merits, and therefore, is entitled to AEDPA's deference.  28 U.S.C. § 2254(d); see also Neal v. Puckett, 239 F.3d 683, 686 (5th Cir. 2001) ("In the context of federal habeas proceedings, adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural."); Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies

an adjudication on the merits while a "dismissal" signifies that the claim was declined on grounds other than its merits).

Thus, deference to the state court decision is mandated by § 2254(d). Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication of his claim was "contrary to, or involved an unreasonable application, of clearly established federal law," or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**B.    Petitioner's Claims.**

    **1.    Ineffective Assistance of Counsel Claims.**

        **a.    Ineffective Assistance of Counsel Standard.**

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to show counsel's performance was deficient, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  A petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).

13

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has explained that due to "the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993).  In addition, it has held that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004) (citations omitted).  However, a reviewing court need not consider the deficiency prong if it concludes that a defendant has demonstrated no prejudice.  Strickland, 466 U.S. at 697.

The second prong of the Strickland two-part test is the actual prejudice

14

prong.  A petitioner may not simply allege, but must affirmatively prove, prejudice. Id. at 693.  Thus, a petitioner must affirmatively show how the actions of his counsel deprived him of a fair trial.  See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance).

A petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted).  As the Fifth Circuit has firmly established, conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue.  Miller v. Johnson, 200 F.3d 274, 281-86 (5th Cir. 2000).  It has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner],... we [can find] no merit to these claims.'"  Id. at 282 (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

A petitioner has the burden of proof in a habeas proceeding attacking the effectiveness of counsel.  See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997). A petitioner must demonstrate that his counsel's representation was unreasonable,

and that he suffered actual prejudice.  Id.  The Fifth Circuit has held that "[t]he

failure to prove either deficient performance or actual prejudice forecloses an

ineffective assistance claim."  Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir.

1998).  A court may dispose of an ineffective assistance of counsel claim by

showing a petitioner failed to meet either prong; it is not necessary for the court to

address both prongs.  Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

### b.    Ineffective Assistance of Trial Counsel.

Petitioner argues that he received ineffective assistance of counsel at his trial

for three reasons.  (D.E. 3)

### i.    Dying Declaration Objection.

First, he argues that his trial counsel erroneously objected to the admission of

the victim's nonverbal gestures as dying declarations, because it was clear they were

only admissible "pursuant to Rule 803(2) Texas Rules of Evidence, as a

'spontaneous statement' rather than a dying declaration."  Id. at 2.

Petitioner presented this same claim in his state habeas writ.  Ex parte De La

Paz, App. No. 60,325-01, at 11-12.  The trial court found that the "assertions

contained in the State's answer [were] [] correct, and that the [state habeas]

application should be denied."  Id. at 50.

The State had argued that petitioner was barred from raising the issue of

16

ineffective assistance of trial counsel in the state habeas proceeding, because he had not raised the issue on direct appeal of his conviction.  Id. at 20-22 (citing Ex parte Townsend, 137 S.W.3d 79, 82 (Tex. Crim. App. 2004) ("when a defendant has an adequate remedy at law for his claim, he may not raise the claim in an application for a writ of habeas corpus")).  It furthered asserted that even if the trial court were to find that petitioner had not forfeited his claim, his application should be denied on the merits because he failed to show he had suffered any actual prejudice.  Id. at 22-23.

The State based its prejudice argument on the findings in the state appellate court's decision in petitioner's direct appeal.  Id.  In his direct appeal, petitioner challenged his conviction on the basis that the trial court erred in admitting hearsay evidence in the form of the victim's nonverbal gestures, and statements made by co-conspirators to a police informant.  Id. at 38.  The state appellate court found that "any error in admitting hearsay testimony describing Peña's nonverbal gestures ... did not contribute to De La Paz's conviction.  Other evidence dissipated the effect of the evidence on the jury's determination of the facts."  Id. at 45.  It further held "that any error in admitting hearsay testimony ... did not contribute to the trial court's imposition of De La Paz's concurrent forty-year sentences."  Id.  Finally, it concluded that "any error admitting hearsay testimony ... was harmless."  Id. at 45.

17

This claim has been considered by Texas state courts and has been denied.  It is respectfully recommended that petitioner has not provided the Court with any specific facts to rebut the presumption afforded by 28 U.S.C. § 2254(e)(1).  He has failed to show with "reasonable probability" that but for his trial counsel's conduct, the result of the proceeding would be different.  Strickland, 466 U.S. at 694.  Moreover, he has failed to show that he suffered any actual prejudice stemming from his trial counsel's alleged erroneous objection to the victim's gestures as a dying declaration.  Instead, petitioner has only provided the Court with conclusory allegations that are not supported by specific pleaded facts, or the record.

It is respectfully recommended that the Court find petitioner has failed to provide any evidence that he suffered any actual prejudice due to his trial counsel's alleged error.  It is further respectfully recommended that the Court find that, because petitioner has failed to meet his burden under Strickland, his claim of ineffective assistance of trial counsel is without merit.

### ii.    Failure to Object to the Admission of the Bullet.

Second, petitioner argues that he was denied effective assistance of trial counsel because his counsel failed to object to the admission into evidence of a .25 caliber bullet.  (D.E. 3, at 2).  He further argues that the bullet was tainted because its chain of custody was improper, and ballistics failed to connect the bullet to the

18

murder weapon.  Id.  He contends that evidence showed that the victim was not shot by a .25 caliber weapon, and the admittance of the bullet was prejudicial to his case.  Id.

During petitioner's trial, the State introduced into evidence a bullet that was recovered by Kathleen Quesada, a crime scene technician, from the murder victim's shorts.  2 RR 78.[3]  Ms. Quesada testified that on May 13, 2000, as she "hung the [victim's] shorts, a projectile fell from them."  Id.  Petitioner's trial counsel did not object to the admission of the bullet into evidence.  Id.

Officer Martin Deleon, a Corpus Christi police officer, also testified at petitioner's trial.  He discussed events that occurred on October 24, 2000, approximately three months after the date of the murder for which petitioner was convicted.  Id. at 156-64.  Officer Deleon testified that he recovered a small handgun from a tree limb on the night of October 24, 2000.  Id. at 160.  He further testified that three suspects were present at the scene when the weapon was recovered, including petitioner.  Id. at 159.  Finally, Officer Deleon testified that the weapon he recovered was a Raven .25 automatic handgun, which was admitted into evidence.  Id. at 161.

_____

[3] "RR" refers to the reporter's record from the 347th District Court, Nueces County, Texas, in Criminal Cause No. 00-CR-1606-H.  RR is preceded by the relevant volume number, and followed by the specific page number within the particular volume.

Diego Rivera testified at petitioner's trial that he processed the Raven handgun recovered by Officer Deleon for fingerprints.  Id. at 165.  He recovered a fingerprint from the weapon.  Id. at 166.  On cross-examination, Mr. Rivera stated that the fingerprint was not identified as petitioner's fingerprint.  Id. at 168.  He revealed on redirect that it was the fingerprint of one of the two other suspects at the scene when the gun was discovered.  Id.

Doctor Lloyd White, the Corpus Christi medical examiner, testified that the victim had suffered four gunshot wounds, but that only one of the gunshots was fatal.  Id. at 88.  Dr. White further testified that the fatal wound was a gunshot to the lower abdomen.  Id. at 88-9.  He stated that he recovered one bullet from the victim's left wrist, which was one of the nonfatal wounds.  Id. at 90.  Victor Ceballos, an identification technician, authenticated the bullet from the victim's left wrist, and it was admitted into evidence.  Id. at 69.

John Thomas Hornsby, a ballistics expert, testified that he performed firearm examinations for the Corpus Christi Police Department.  3 RR 47.  He stated that he had examined the .25 Raven handgun, and the bullet recovered from the victim's shorts by Ms. Quesada.  Id.  Based on his examination, he concluded that the bullet from the victim's shorts was fired from the Raven handgun.  Id. at 54.  He further testified that the bullet recovered from the victim's left wrist was a fired .380 auto

bullet.  Id. at 52.

There were several individuals who testified at petitioner's trial concerning the events that transpired on May 13, 2000, the day of the murder.  Debra Rodriguez, petitioner's friend, testified that on the morning of May 13, 2000, petitioner left her house with Raul Peña, the murder victim, in her car.  Ex parte De La Paz, App. No. 60,325-01, at 33.  She further testified that he returned later that day without Mr. Peña.  Id.  She claimed that petitioner was only gone for thirty minutes, and did not leave her house again until 11:00 p.m.  Id.

Dominic Bustamante, a Corpus Christi police officer, testified that at 2:24 p.m. that day, he pulled over a car on suspicion that a drug transaction had occurred.  Id.  Officer Bustamante noted that the occupants of the vehicle were identified as petitioner and Mr. Peña.  Id.  He further testified that at 3:59 p.m. that same day, he received a dispatch to respond to a stabbing.  Id. at 34.  He stated that when he arrived at the scene, he recognized the victim, from the earlier traffic stop, as Mr. Peña.  Id.

Rosendo Martinez, a high ranking officer in the Mexican Mafia, also testified at petitioner's trial.  3 RR 3-46.  He claimed that the gang's leadership decided, in February 2000, that Mr. Peña had to be executed because he had stolen drugs from fellow gang members, and had physically abused petitioner's mother and sister.  Id.

at 5-9.  He testified that petitioner and Raymond Gonzalez were instructed to supervise two other gang members that were assigned the deed of executing Mr. Peña.  Id. at 16.  Petitioner and Mr. Gonzalez were "to gauge the reactions of the people who actually carried out the execution which was Carlos Flores and Gabriel Martinez, to see whether or not they were going to be able to withstand the pressure...."  Id.

Mr. Martinez further testified that on May 13, 2000, he saw petitioner being pulled over by Officer Bustamante in front of his home.  Id. at 10-11.  He admitted that there was a meeting of the Mexican Mafia being held at his house and that after the officer left, petitioner and Mr. Peña entered his home to attend the meeting.  Id. at 11.  He stated that at the conclusion of the meeting, he took petitioner aside and told him that he could postpone the execution because he had been identified with Mr. Peña.  Id. at 12.  He claimed that petitioner insisted on carrying out the execution that day.  Id. at 13.  He testified that after petitioner confirmed that the execution would continue as planned, he "handed over two small semi-automatic weapons to him and he walked out the back door."  Id. at 13.  He claimed that the guns were "[a] .32 semi-automatic pistol and a .380 semi-automatic pistol."  Id.

Mr. Martinez's role in the execution was to make sure that everything ran smoothly, and to destroy any evidence connecting the members to the murder.  Id.

at 14.  He stated that after the execution, one of the members was to put all of the evidence, including the guns, into a bag, and leave it on his back porch.  Id.  He testified that on May 13, 2000 at approximately 5:30 p.m., he discovered a black bag on his back porch that contained bloody clothes, muddy shoes, and the two guns he had given to petitioner earlier that day.  Id. at 15.  He also testified that there were fired rounds in the bag, and there were shells jammed in the firing mechanisms of both guns.  Id.

Finally, he testified that the next time he spoke with petitioner was at approximately 9:00 p.m. that night in his backyard.  Id. at 17.  He further testified that petitioner told him there was a problem with the execution because a witness drove past, and saw Mr. Peña being chased through the field while being shot at. Id. at 17.  He claimed that petitioner informed him that he had been questioned by the police, and that Mr. Peña did not die during the initial attack.  Id. at 18.

There was no evidence presented at petitioner's trial directly connecting him to ownership of the .25 Raven handgun, or any evidence that the Raven handgun was the murder weapon.  The record, however, does contain testimony that implicated petitioner in the murder.  The evidence submitted showed that petitioner was not the shooter.  This claim has been considered by Texas state courts and has been denied.  The trial court found that the State's argument, in the state habeas

proceeding, was correct and that petitioner's application should be denied.  Id. at

50.  The pertinent argument was the State's assertion that petitioner was barred

from raising his claim of ineffective assistance of counsel in the habeas proceeding,

because he had not asserted that claim in his direct appeal.  Id. at 20-22.

It is respectfully recommended that petitioner has not provided the Court

with any specific facts to rebut the presumption afforded by 28 U.S.C.

§ 2254(e)(1).  He has failed to show with "reasonable probability" that but for his

trial counsel's failure to object to the admission of the .25 bullet into evidence that

the result of the proceeding would be different.  Strickland, 466 U.S. at 694.  He has

failed to show that he suffered any actual prejudice stemming from his trial

counsel's alleged deficiencies.  Petitioner has only provided the Court with

conclusory allegations that are not supported by specific pleaded facts, or the

record.

It is respectfully recommended that the Court find petitioner has failed to

provide any evidence that his counsel's failure to object to the admission of the

bullet was unreasonable, or that he suffered any actual prejudice due to his trial

counsel's alleged error.  It is further respectfully recommended that the Court find,

because petitioner has failed to meet his burden under Strickland, that his claim of

ineffective assistance of trial counsel based on his counsel's failure to object to the

admission of the .25 bullet is without merit.

### iii.   Failure to Move for Instructed Verdict.

Third, petitioner argues that he was denied effective assistance of trial counsel because his counsel failed to request an instructed verdict.  (D.E. 3, at 2).  He asserts that the "State failed to show that Petitioner harbored the specific intent to promote or assist in the intentional murder when the motive was that the complainant verbally and physically abused Petitioner's mother and sister."  Id.

This claim was also presented in petitioner's state habeas writ.  The trial court found that the State's argument that a challenge based on a motion for an instructed verdict is considered "a challenge to the sufficiency of the evidence to support the conviction."  Ex parte De La Paz, App. No. 60,325-01, at 22 (citing Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990)).  The State furthered argued that petitioner was actually complaining that his trial counsel was ineffective because he did not challenge the sufficiency of the evidence.  Id.  It asserted that "an applicant in a habeas corpus proceeding may not collaterally attack the sufficiency of the evidence to support the conviction."  Id. (citing Ex parte Easter, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981)).

In addition, the state appellate court's decision in his direct appeal discussed the sufficiency of the evidence in his case.  Id. at 44.  It stated that:

> The State indicted De La Paz both for murder and for engaging

25

in organized criminal activity, with the same murder as the object of the criminal enterprise. Both counts alleged De La Paz "caused the death of an individual, Raul Peña's, by shooting Raul Peña with a firearm." With sufficient evidence of De La Paz's participation in the planning and commission of Peña's execution, the indictment supported a jury instruction on the law of parties even without a parties allegation in the indictment. Evidence not challenged by De La Paz implicated him in the planning and commission of Peña's murder and supported the trial court's instruction to the jury under the law of parties. The same unchallenged evidence supports De La Paz's conviction under the law of parties for Peña's murder as well as for engaging in organized criminal activity with Peña's execution as its object.

Id. at 44-45 (internal citations omitted). This claim has been considered and denied by Texas state courts. The state trial court found this claim should be denied. Id. at 50-51 The Texas Court of Criminal Appeals denied this claim. Id. at cover 2. The state appellate court found there was sufficient evidence to support his conviction. Id. at 44-45.

It is respectfully recommended that petitioner has not provided the Court with any specific facts to rebut the presumption afforded by 28 U.S.C. § 2254(e)(1). Petitioner has failed to show with "reasonable probability" that but for his trial counsel's failure to challenge the sufficiency of the evidence that the result of the proceeding would be different. Strickland, 466 U.S. at 694. He has failed to show that he suffered any actual prejudice. Petitioner has only provided the Court with conclusory allegations that are not supported by specific pleaded

facts, or the record.

It is respectfully recommended that the Court find petitioner has failed to provide any evidence that his counsel's failure to challenge the sufficiency of evidence was unreasonable, or that he suffered any actual prejudice due to his trial counsel's alleged omission. It is further respectfully recommended that the Court find, because petitioner has failed to meet his burden under <u>Strickland</u>, that his claim of ineffective assistance of trial counsel based on his trial counsel's failure to challenge the sufficiency of the evidence is without merit.

### c.    Ineffective Assistance of Appellate Counsel.

Petitioner did not raise ineffective assistance of appellate counsel in his state habeas application, or in any proceeding before the Texas Court of Criminal Appeals. The Court, however, may deny petitioner's ineffective assistance of appellate counsel on the merits despite his failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2). It is respectfully recommended that petitioner's ineffective assistance of appellate counsel claim be denied because it is without merit.

Petitioner argues that he was "denied effective assistance of counsel on appeal due to his Appellate Counsel's failure to raise fundamental error of the misjoined offenses." (D.E. 3, at 5). He further argues that "[t]he record clearly reflects that the two joined offenses (murder and Engaging in Organized Criminal

27

Activity) are a separate and distinct offense and cannot be pleaded in a single indictment." Id.

Respondent correctly notes that Article 21.24(a) of the Texas Code of Criminal Procedure provides that "[t]wo or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code." Tex. Code Crim. Proc. art. 21.24(a) (2005); (D.E. 13, at 20). Criminal episode is defined as:

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> > (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
> >
> > (2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code § 3.01 (2005).

Even though this claim has not been presented to Texas state courts, the state appellate court noted in petitioner's direct appeal that "[t]he State indicted De La Paz both for murder and for engaging in organized criminal activity, with the same murder as the object of the criminal enterprise." Ex parte De La Paz, App. No.

28

60,325-01, at 44.  The two counts petitioner was charged with arose out of the same criminal episode, and pursuant to Article 21.24(a) of the Texas Code of Criminal Procedure, could be lawfully joined in a single indictment.

The basis of petitioner's claim of ineffective assistance of appellate counsel is that his counsel failed to raise the issue of misjoinder of the two offenses on appeal. (D.E. 3, at 5).  However, it is respectfully recommended that petitioner's assertion that the offenses could not be joined is erroneous.

Therefore, it is respectfully recommended that the Court find that petitioner has failed to show that his appellate counsel's actions were unreasonable, or that he suffered any actual prejudice resulting from counsel's actions.  It is further respectfully recommended that the Court find, because petitioner has failed to meet his burden under Strickland, that his claim of ineffective assistance of appellate counsel is without merit, and should be dismissed with prejudice.

### 2.    Denial of Due Process Claim.

Finally, petitioner argues his "conviction was void under the due process clause of the U.S. Constitution."  (D.E. 3, at 4).  He further asserts that "said constitutional claim was waived by the ineffective assistance of appellate counsel." Id.  Petitioner does not provide any additional arguments, or facts in support of this argument.  He does argue that he was denied effective assistance of appellate

29

counsel because his counsel failed to raise the misjoinder of offenses in his case.
Id. at 5.  Therefore, it appears that petitioner is arguing that his due process rights
were violated by the misjoinder of the two charged offenses in a single indictment.

Respondent argues that this claim is unexhausted and procedurally barred,
and therefore, should be denied.  (D.E. 13, at 20).  He further argues that, to the
extent the Court reviews petitioner's claim as a denial of due process based on the
misjoinder of offenses, it should be denied on the merits.  Id.

Petitioner did not raise this claim in his state habeas proceeding, or in any
proceeding before the Texas state courts.  The Court, however, may deny
petitioner's ineffective assistance of counsel on the merits despite his failure to
exhaust state remedies.  28 U.S.C. § 2254(b)(2).

In Manning v. Blackburn, 786 F.2d 710 (5th Cir. 1986), the petitioner argued
that the misjoinder of two offenses entitled him to habeas relief.  Id. at 711. In that
case, the Fifth Circuit stated "[t]he simple fact is that 'habeas corpus is available
only for the vindication of rights existing under federal law; not rights existing
solely under the rules of state procedure.'"  Id. (citations omitted).  "When there has
been a violation of state procedure, the proper inquiry 'is to determine whether
there has been a constitutional infraction of defendant's due process rights which
would render the trial as a whole 'fundamentally unfair.'"  Id. at 711-12 (citations
omitted).  In order to show that his trial was fundamentally unfair, petitioner must

show he suffered some prejudice as a result of the alleged misjoinder of the offenses.  See id. at 712.

The Texas rule at issue here is strikingly similar to the federal rule that allows, in pertinent part, the joinder of two or more offenses to be charged in a single indictment that are based on the "same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a); see also Tex. Code Crim. Proc. art. 21.24(a).  Under the federal rule, the two offenses that petitioner was charged with could have be lawfully joined.

It is respectfully recommended that the Court find that petitioner has failed to show that he suffered any actual prejudice from the joinder of two offenses in his case.  It is further respectfully recommended that the Court find, because petitioner has failed to show he suffered any prejudice, that his denial of due process claim be denied as meritless, and therefore, be dismissed with prejudice.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

a certificate of appealability because "the district court that denies a petitioner relief

is in the best position to determine whether the petitioner has made a substantial

showing of a denial of a constitutional right on the issues before that court.  Further

briefing and argument on the very issues the court has just ruled on would be

repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"The COA determination under § 2253(c) requires an overview of the claims in the

habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537

U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on

their merits, "[t]he petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong."

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254

petitioner to demonstrate that reasonable jurists could debate whether the motion

should have been resolved differently, or that the issues presented deserved

encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th

Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a

petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment be granted.  It is further respectfully recommended that the Court find petitioner's ineffective assistance of appellate counsel, and denial of due process claims are unexhausted and procedurally barred from habeas review, and that all of his claims be dismissed with prejudice because they lack merit.  Finally, it is respectfully recommended that the Court deny petitioner's request for an evidentiary hearing, and find petitioner is not entitled to a certificate of appealability.

Respectfully submitted this 7th day of December 2005.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).